# **EXHIBIT C**

# Commonwealth of Massachusetts

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: 12-1833

| | |
|---|---|
| Miriam Adelman,<br>　　　　　　　　PLAINTIFF<br><br>　　　　v.<br><br>American Honda Motor Co.,<br>Inc.<br>　　　　　　　　DEFENDANT | AMENDED CIVIL COMPLAINT |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### COUNT I

1. Plaintiff Miriam Adelman (hereinafter "Purchaser") is an individual who resides at 14 Concord Ave., Apt. 510, Cambridge, Middlesex County, Massachusetts.

2. Defendant AMERICAN HONDA MOTOR CO., INC. (hereinafter "Manufacturer") is a foreign corporation registered to do business in the Commonwealth with a principal place of business located in Torrance, California.

3. These causes of action arise from Defendant's:

    a. transacting business within the Commonwealth of Massachusetts;

    b. contracting to supply goods or services within the Commonwealth of Massachusetts;

    c. causing tortious injury by an act or omission within the Commonwealth of Massachusetts; and/or

    d. causing tortious injury within the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered within the Commonwealth of Massachusetts.

4. On or about May 19, 2011, Purchaser was severely injured while using her 2002 Honda Civic (hereinafter "the product"), when Purchaser, while driving said product,

encountered a defect in the parking lot of Whole Foods Market, located in Cambridge Massachusetts. This in turn caused the premature deployment of the product's unoccupied passenger side airbag which then caused Purchaser to lose control of said product and collide with a light pole causing the said severe injury. The driver's side airbag never deployed.

## COUNT I – NEGLIGENCE OF MANUFACTURER

5. Purchaser incorporates herein by reference paragraphs 1 through 4 of the Complaint.

6. Manufacturer designed, developed, inspected, assembled, tested, manufactured, marketed, distributed, sold and provided instructions and warnings regarding the proper use of the product.

7. Manufacturer was negligent and careless with respect to Purchaser in that the product or its component parts were negligently and carelessly designed, developed, inspected, assembled, tested, manufactured, marketed, distributed and sold, and were accompanied with inadequate instructions and warnings as to the proper use thereof.

8. Manufacturer knew or should have known of the dangerous nature and condition of the product or its component parts. Manufacturer disposed of the product in a way that it foresaw or should have foreseen would probably carry the product into contact with a person such as Purchaser. Manufacturer has had on file numerous reports of faulty airbag system in its 2002 Honda Civic.

9. As a direct and proximate result of Manufacturer's negligence and carelessness, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

Wherefore, Purchaser prays that judgment be entered against Manufacturer in an amount that will fairly and adequately compensate for Purchaser's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II – BREACH OF WARRANTY BY MANUFACTURER

10. Purchaser incorporates herein for reference paragraphs 1 through 7, inclusive, and paragraphs 8 through 12, inclusive, of COUNT I of the Complaint.

11. Manufacturer impliedly warranted to Purchaser that the product and its component parts were merchantable, safe and fit for ordinary purposes. Manufacturer was a merchant with respect to goods of the kind involved in the incident. The product and component parts of the product and the product's warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Manufacturer.

Manufacturer therefore breached these warranties to the Purchaser.

12. As a direct and proximate result of Manufacturer's breach of warranty, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

Wherefore, Purchaser prays that judgment be entered against Manufacturer in an amount that will fairly and adequately compensate for Purchaser's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT III – M.G.L. c. 93A CLAIM AGAINST MANUFACTURER

13. Purchaser incorporates herein for reference paragraphs 1 through 7, inclusive, and paragraphs 8 through 12, inclusive, of COUNT I, and paragraphs 13 through 15, inclusive, of COUNT II of the Complaint.

14. Manufacturer's design, manufacture and distribution of a defective product constituted a breach of the implied warranty of merchantability and a willful or knowing unfair or deceptive act or practice in the course of trade or commerce, within the meaning and in violation of M.G.L. c. 93A.

15. On October 19, 2011, Purchaser sent a demand letter under M.G.L. c. 93A to Manufacturer, and Manufacturer failed to make a good faith offer of settlement within thirty days, despite its knowledge of its violation of c. 93A, constituting an additional, willful and knowing violation of c. 93A.

16. As a direct and proximate result of Manufacturer's violation of M.G.L. c. 93A, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

Wherefore, Purchaser prays that judgment be entered against Manufacturer in an amount that will fairly and adequately compensate for Purchaser's conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate and, further, that said damages be trebled and include attorney's fees pursuant to M.G.L. c. 93A.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Dated: May 10, 2012

Respectfully submitted,

Miriam Adelman,
By her Attorney,

*Robert E. Ricles*

Robert E. Ricles
Attorney for Plaintiff
Robert E. Ricles, Esq.
22 Rambler Rd.
Jamaica Plain, MA 02130
BBO#: 559883
Telephone: (617) 524-0080

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Plaintiff's Amended Civil Complaint and Tracking Order, Middlesex County Superior Court Docket No, 12-1833, was this day served upon Defendant by mailing same, first class postage prepaid, to Trevor Keenan, Attorney for Defendant, of Campbell Campbell Edwards & Conroy, One Constitution Center, Third Floor, Boston, MA  02129 .

SIGNED under the pains and penalties of perjury.

Dated: 6 June 2012

_____
Robert E. Ricles