UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIRIAM ADELMAN,
     Plaintiff,


     v.                                  CIVIL ACTION NO.
                                         12-11051-MBB


AMERICAN HONDA MOTOR CO., INC.,
     Defendant.


**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**(DOCKET ENTRY # 30)**

**November 7, 2013**

**BOWLER, U.S.M.J.**

Pending before this court is a motion for summary judgment
(Docket Entry # 30) filed by defendant American Honda Motor Co.,
Inc. ("defendant").  The amended complaint sets out liability
based on defendant's negligence, breach of warranty and
violation of Massachusetts General Laws chapter 93A.  (Docket
Entry # 1-3).  On August 21, 2013, defendant filed for summary
judgment raising the following arguments:  (1) plaintiff Miriam
Adelman ("plaintiff") does not have expert testimony on any
potential defect of the vehicle; and (2) the lack of possession
of the vehicle constitutes spoliation.  (Docket Entry # 30).

Plaintiff opposes the motion.  (Docket Entry # 37).  On November 4, 2013, this court held a hearing and took the summary judgment motion (Docket Entry # 30) under advisement.

STANDARD OF REVIEW

Summary judgment is designed "'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'"  <u>Davila v. Corporacion De Puerto Rico Para La Difusion Publica</u>, 498 F.3d 9, 12 (1st Cir. 2007).  It is appropriate when the summary judgment record shows "there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party."  <u>American Steel Erectors, Inc. v. Local Union No. 7, International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers</u>, 536 F.3d 68, 75 (1st Cir. 2008).  "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law."  <u>Id.</u>

Facts are viewed in favor of the non-movant, i.e., plaintiff.  <u>Noonan v. Staples, Inc.</u>, 556 F.3d 20, 23 (1st Cir. 2009).  "Where, as here, the nonmovant has the burden of proof and the evidence on one or more of the critical issues in the case is not significantly probative, summary judgment may be

granted." <u>Davila</u>, 498 F.3d at 12 (internal quotation marks,
citation and ellipses omitted); <u>accord</u> <u>Clifford v. Barnhart</u>, 449
F.3d 276, 280 (1st Cir. 2006) (if moving party makes preliminary
showing, nonmoving party must "produce specific facts, in
suitable evidentiary form, to establish the presence of a
trialworthy issue" with respect to each element on which he
"would bear the burden of proof at trial") (internal quotation
marks and citations omitted).

Defendant submits a LR. 56.1 statement of undisputed facts.
(Docket Entry # 32).  Uncontroverted statements of fact in the
LR. 56.1 statement comprise part of the summary judgment record.
<u>See</u> <u>Cochran v. Quest Software, Inc.</u>, 328 F.3d 1, 12 (1st Cir.
2003) (the plaintiff's failure to contest date in LR. 56.1
statement of material facts caused date to be admitted on
summary judgment); <u>Stonkus v. City of Brockton School</u>
<u>Department</u>, 322 F.3d 97, 102 (1st Cir. 2003) (citing LR. 56.1 and
deeming admitted undisputed material facts that the plaintiff
failed to controvert).

FACTUAL BACKGROUND

The parties' dispute arises out of an injury suffered by
plaintiff while she was driving a car manufactured by defendant.
On May 19, 2011, plaintiff sustained injuries while driving a
2002 Honda Civic ("Honda") in a grocery store parking lot in
Cambridge, Massachusetts.  (Docket Entry # 32).  Plaintiff was

3

driving approximately five to ten miles per hour when the car encountered "a small bump or curbing." (Docket Entry # 32). The passenger's side airbag then deployed whereas the driver's side airbag remained intact.[1] (Docket Entry # 32). The airbag deployment frightened plaintiff who subsequently lost control of the car and hit a lamppost in the parking lot. (Docket Entry # 32). "[P]laintiff testified that she believes that she was rendered unconscious at some point during the accident and could not recall certain details of the event." (Docket Entry # 32, ¶ 4). As a result of the accident, plaintiff sustained injuries to her ribs, nose and face. (Docket Entry # 32-2).

Plaintiff's car was totaled and towed to Pat's Towing "cemetery." (Docket Entry # 32-2). Plaintiff did not take photographs of the airbags after the collision. Additionally, plaintiff did not request her insurance company to preserve the vehicle or its airbags. (Docket Entry # 32-2). Plaintiff no longer has possession of the vehicle. (Docket Entry # 32-4). At the time plaintiff notified defendant of the claims in this case and served the original complaint on defendant, she no longer had possession, custody or control of the vehicle. (Docket Entry # 32-4).

---

[1] Plaintiff argues that "[e]ither the passenger side airbag should not have deployed" or "both bags should have deployed." (Docket Entry # 37).

Furthermore, plaintiff has not retained an expert witness to testify about the condition of the Honda or to the potential design defect of the airbags.  (Docket Entry # 32).  In addition, she has not retained an expert to examine the Honda or any of its component parts.  (Docket Entry # 32-4).  The deadline for plaintiff to identify experts was October 16, 2013, and plaintiff presently maintains that an expert is not required.

Defendant's Fed.R.Civ.P. 30(b)(6) deponent, Gene Brady ("Brady"), a senior technical specialist with "Honda North America," testified at deposition about two airbag recalls on the 2002 Honda Civic model.  (Docket Entry # 37-4).  The model was recalled in 2010 for the driver's side airbag and in 2013 for the passenger's side airbag, both because of over-pressurization of the airbags' inflaters.  (Docket Entry # 37-4).  Brady further clarified on cross-examination that the two recalls did not relate to airbags failing to deploy or inadvertently deploying in an accident.  (Docket Entry # 37-4). The summary judgment record also includes a number of customer complaints submitted to the National Highway Traffic Safety

Administration involving airbags and the Honda Civic model.[2] (Docket Entry # 37-2).

DISCUSSION

"In order to succeed on a claim of negligence at trial, [plaintiffs] [are] required to establish that (1) [defendant] owed them a duty of care, (2) [defendant] breached that duty, and (3) [defendant's] breach of the duty caused injury to the [plaintiffs]." Hochen v. Bobst Group, Inc., 290 F.3d 446, 451 (1st Cir. 2002). In a product liability action claiming negligence, there must be evidence that a defect in the product caused the injury and that the defect was present at the time the product was sold. Enrich v. Windmere Corp., 616 N.E.2d 1081, 1084 (Mass. 1993). "The presence of such a defect cannot be inferred in the absence of expert testimony." Id.

"In claims for both negligent design and warranty liability, the plaintiff must come forward with competent expert testimony that a defect in the product, present at the time it was sold, caused his injuries." Chartier v. Brabender Technologie, Inc., 2011 WL 4732940, at *9 (D.Mass. Oct. 5, 2011); see also Enrich v. Windmere Corp., 616 N.E.2d at 1084. "Expert testimony (save in rare situations not applicable here)

---

[2]   Plaintiff also submitted a newspaper article regarding two recalls of the 2003 and 2004 model years "Odyssey minivans" and the 2003 model year of the "Acura MDX.". (Docket Entry # 37-3).

is required to support a claim of a design defect." See Public
Service Mut. Ins. v. Empire Comfort Systems, Inc., 573 F.Supp.2d
372, 380 (D.Mass. 2008) (citing Enrich v. Windmere Corp., 616
N.E.2d at 1084).

In the case at bar, plaintiff posits that the deployment of
passenger side airbag and not driver's side airbag evidences
negligence and breach of warranty without the need for expert
testimony. In addition, citing defendant's acknowledgment that,
"An airbag is not designed to deploy for every impact of a
'solid object'" (Docket Entry # 31, n.2), plaintiff argues "it
is clear" there was a failure of the airbag system as a whole.
"[T]he airbag system operated in a defective manner" such that
no expert testimony is required, according to plaintiff.
(Docket Entry # 37) (emphasis in original).

The relevant inquiry is whether "the jury could have found,
of its own knowledge, that the defendant had improperly designed
[the product]." Goffredo v. Mercedes-Benz Truck Co., Inc., 520
N.E.2d 1315, 1318 (Mass. 1988). Expert testimony is required
when "the answers to the highly technical and specialized
questions raised by such claims lie outside the knowledge of
most lay jurors." Morse v. Ford Motor Co., 2010 WL 2773527, at
*1 (D.Mass. July 13, 2010). "'Without expert evidence of a
defect, a jury would have to rely on "conjecture and surmise,"
which is impermissible.'" Id. Conversely, an expert witness is

not necessary when "a jury can find of their own lay knowledge
that there exists a design defect which exposes users of a
product to unreasonable risks of injury." Smith v. Ariens Co.,
377 N.E.2d at 957.

Therefore, "in a products liability case of any
sophistication, a plaintiff's failure to support her claims of a
design defect with expert testimony is almost always fatal."
Haughton v. Hill Labs., Inc., 2007 WL 2484889, at *3 (D.Mass.
Aug. 30, 2007). Moreover, as noted in Enrich, opinions of
nonexperts are not a substitute where expert testimony is
required. Enrich v. Windmere Corp., 616 N.E.2d at 1084
("opinion of the nonexperts who testified at trial cannot
substitute for [the] absence of expert testimony"). Indeed,
Enrich, an airbag malfunction case, noted that, "As a result,
even if the air bag malfunctioned, that alone would be
insufficient to prove that it was negligently designed or
manufactured." Alves v. Mazda Motor of Am., Inc., 448 F.Supp.2d
285, 300 (D.Mass. 2006).

Here too, the airbag system is complex. Defendant's Rule
30(b)(6) deponent described the system as an interaction between
a "G sensor" and a "central processing unit" and a "drive
circuit." (Docket Entry # 37-4, pp. 21-22). He also explained
that the deployment of a passenger airbag without a seated

passenger would not by itself be an indication of a defect. (Docket Entry # 37-4).

In short, airbag operations involve considerations beyond the common knowledge of a layperson and require an expert to speak to the presence of a defect.  Chartier v. Brabender Technologie, Inc., 2011 WL 4732940, at *11.  "None of this information is within knowledge of a layperson."  Id.  The system of airbag deployment in the case at bar therefore requires expert testimony and its absence warrants summary judgment.  Because dismissal is appropriate for the foregoing reasons, defendant's argument of spoliation need not be addressed.

CONCLUSION

For the foregoing reasons, the motion for summary judgment (Docket Entry # 30) is **ALLOWED.**

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge